IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs January 10, 2006

## DONALD FRANKS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Hardin County**
**No. PC8144     C. Creed McGinley, Judge**

---

**No. W2005-01148-CCA-R3-PC  - Filed April 27, 2006**

---

The Appellant, Donald Franks, appeals the Hardin County Circuit Court's denial of his petition for post-conviction relief.  On appeal, Franks argues that he was denied his Sixth Amendment right to the effective assistance of counsel.  After review of the record, we affirm the denial of post-conviction relief.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Ed Neal McDaniel, Savannah, Tennessee, for the Appellant, Donald Franks.

Paul G. Summers, Attorney General and Reporter; Leslie Price, Assistant Attorney General; Robert "Gus" Radford, District Attorney General; and John W. Overton, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Procedural History**

In October of 2002, the Appellant was convicted by a Hardin County jury of the crime of rape of a child.  The trial court sentenced him to thirty-seven years in the Department of Correction as a Range II, multiple offender.  On direct appeal, this court found no error and affirmed the Appellant's conviction and sentence.  *State v. Donald Franks*, No. W2003-00003-CCA-R3-CD (Tenn. Crim. App. at Jackson, Oct. 14, 2003), *perm. to appeal denied*, (Tenn. Jan. 26, 2004).

The proof at trial, as recited on direct appeal, established:

The victim, . . . who was eight years old at the time of trial, testified the defendant came to her family's home to decorate for Christmas and make repairs while her mother, who had recently been hospitalized, was bedridden.  The victim

stated the defendant took her in her bedroom to "ask [her] something really important"; instead, he "licked" her "privates."

The victim's brother testified he overheard the defendant advise the victim he had something important to tell her. The brother stated the defendant and the victim went into her bedroom, shut the door, and remained there for about half an hour.

Lynn Harville testified the defendant and his girlfriend lived with her, and that the victim's mother was a mutual friend. Ms. Harville indicated that during December 2001, the defendant went to the victim's home and that when she picked the defendant up from the visit, she noticed he had been drinking and was acting "weird." She said the following day, the victim, who acted shy, distant, and scared, reported the sexual abuse to her and her mother. According to Ms. Harville, shortly thereafter, the defendant threatened to commit suicide during an argument with his girlfriend and wrote a note in which he told the victim's mother, "I wont [sic] to be your [friend] and not make love with her and I love your kids." Ms. Harville said the defendant then left her home and did not contact her for two weeks. Ms. Harville testified that when he finally telephoned her, he was "on the run, scared." Deputy Sheriff Russ Alexander testified the sheriff's department was unable to locate the defendant from December 2001 until late January 2002.

The defendant testified he was not guilty of the offense. He stated the victim's family fabricated the victim's testimony because the defendant refused to set fire to the family's home at the request of the victim's mother. He said Ms. Harville fabricated her testimony because he had "turned in" her friend to law enforcement. The defendant stated his girlfriend helped him write the note containing the statement to the victim's mother, but he denied that the phrase "not make love to her" referred to the victim. He denied fleeing Hardin County; he said he was living with a friend in adjoining McNairy County, where he found a job, although he was unable to remember his friend's name. He conceded he had numerous prior theft convictions and a burglary conviction.

Danita Hobbs, the defendant's girlfriend, testified she helped the defendant write the note which included the statement to the victim's mother. She also described a "big fuss" in which the defendant threatened to kill himself and then left without telling her where he was going. Ms. Hobbs, the defendant's twin brother, and three other friends testified the defendant was a truthful person.

*Id.*

In June of 2004, the Appellant filed a *pro se* petition for post-conviction relief alleging that he received the ineffective assistance of counsel. Counsel was appointed, and an amended petition

was filed on October 6, 2004. An evidentiary hearing was held on April 4, 2005, and the post-conviction court denied relief by written order on May 13, 2005. This appeal followed.

## Analysis

On appeal, the Appellant asserts that trial counsel's representation was deficient for failing to: (1) interview potential witnesses; (2) investigate the fact that witnesses had reason to testify falsely about the Appellant; (3) investigate the Appellant's mental illness and use it to mitigate his culpability; (4) recognize that the Appellant could not read or write; and (5) raise the issue that minorities were excluded from the grand jury. To succeed on a challenge of ineffective assistance of counsel, the Appellant bears the burden of establishing the allegations set forth in his petition by clear and convincing evidence. T.C.A. § 40-30-110(f) (2003). The Appellant must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984), the Appellant must establish (1) deficient performance and (2) prejudice resulting from the deficiency. The petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceedings. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). This deference to the tactical decisions of trial counsel is dependant upon a showing that the decisions were made after adequate preparation. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

It is unnecessary for a court to address deficiency and prejudice in any particular order, or even to address both if the petitioner makes an insufficient showing on either. *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069. In order to establish prejudice, the petitioner must establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *State v. Burns*, 6 S.W.3d 453, 463 (Tenn. 1999) (quoting *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068) (citations omitted).

The issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact. *Id*. at 461. "[A] trial court's *findings of fact* underlying a claim of ineffective assistance of counsel are reviewed on appeal under a *de novo* standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d); *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997)). However, *conclusions of law* are reviewed under a purely *de novo* standard with no presumption that the post-conviction court's findings are correct. *Id*.

## I. Interviewing Witnesses

The Appellant argues that trial counsel failed to interview certain witnesses whose names, he contends, were provided to counsel and that counsel did not adequately prepare for trial by interviewing those witnesses who were called to testify at trial. At the post-conviction hearing, the

Appellant testified that trial counsel failed to call as witnesses several individuals whom he thought should have testified. The Appellant, however, stated, "I can't think of their names." Trial counsel, on the other hand, stated he interviewed all potential witnesses and discussed those witnesses whom he would call at trial with the Appellant.

When a petitioner seeks to establish deficient performance based upon trial counsel's failure to call a witness, it is incumbent upon the petitioner to call the witness at the post-conviction hearing to establish that the witness' testimony would have benefitted the Appellant and that prejudice had resulted. *Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). Through this testimony, an appellant must establish that not presenting the witness at trial "resulted in the denial of critical evidence which inured to the prejudice of the [appellant]." *Id.* We are not permitted to speculate as to what a witness might have testified to at trial. *Id.* Because the Appellant failed to present these witnesses at trial, or even to provide their names, we have no way of knowing if their testimony would have assisted the Appellant in his defense. With regard to the proof on this issue, the post-conviction court concluded that trial counsel interviewed all suggested witnesses and that the Appellant fully participated in the process. We agree. Accordingly, we find this allegation of deficient performance without merit.

## II. Investigation of False Testimony

Next, the Appellant asserts that trial counsel failed "to investigate and bring out facts that others had reasons to testify falsely about [him]." At the evidentiary hearing, the Appellant stated that one of the witnesses who testified against him at trial had offered to pay him $2,000 to burn a house, which he refused to do. The Appellant argues that trial counsel failed to call "witnesses who knew about [his] refusal to burn [the] house and [its] surrounding circumstances." Trial counsel testified that he investigated the burning of the house and learned only that it was "an unexplained burning" and that no one was charged with the conflagration. At no time did the Appellant ever divulge the names of these unknown witnesses or ever relate to counsel what their testimony would have been. A trial counsel's investigation will not be found deficient for failing to unveil all mitigating evidence if, after a reasonable investigation, nothing has put counsel on notice of the existence of that evidence. *See Babbit v. Calderon*, 151 F.3d 1170, 1174 (9th Cir. 1998). Because deficient performance was not established, this claim is without merit.

## III. Medical Evidence of Mental Illness and Incapacity

The Appellant asserts that trial counsel failed to investigate his mental history and failed to determine whether such condition would mitigate his culpability. At the evidentiary hearing, the Appellant testified that he had been treated for mental health problems most of his life and had previously served time in the Special Needs Unit of the Department of Correction. Additionally, the Appellant stated that during his incarceration on the current charge, he was admitted to Western Mental Health Institute for swallowing razor blades. Trial counsel testified that the Appellant "never gave me information about any mental health problems he was having." Counsel further testified that he observed nothing from the Appellant's behavior during the eight to fifteen interviews which

were conducted to suggest that the Appellant was suffering from a mental illness. The Appellant presented no mental or psychological proof at the post-conviction hearing with regard to his assertion of mental illness or "diminished mental capacity." Rejecting this claim, the post-conviction court concluded, "[i]t is hard to envision how an attorney can be expected to investigate matters that have never been called to his attention either by the defendant or family members." We agree. The United States Supreme Court has unequivocally held that "what investigation decisions are reasonable depends critically" on information supplied by the defendant. *Strickland*, 466 U.S. at 691, 104 S. Ct. at 2052. Accordingly, this claim is without merit.

## IV. Appellant's Illiteracy

The Appellant further contends that trial counsel's representation was deficient because counsel failed to recognize the Appellant's inability to read or write. The Appellant cites no authority to support his position or proof as to how he was adversely affected by his illiteracy. He asserts only that he was "not fully aware of the proceedings thus rendering him unable to make uninformed decisions during the trial." At the post-conviction hearing, counsel testified that he was aware that the Appellant was "not well educated" and, for this reason, explained everything to the Appellant. He added, "[i]f I showed [the Appellant] something and it was in writing and he couldn't read it, I read it to him, and like most every client, I read the discovery to them." The post-conviction court accredited the testimony of trial counsel and concluded that counsel's representation with regard to this claim was not deficient. We see no reason to disturb that determination on appeal. *See Black*, 794 S.W.2d at 755.

## V. Grand Jury Foreperson

Lastly, the Appellant asserts that trial counsel was deficient for failing to challenge the process of selecting the foreperson of a grand jury in Hardin County. Specifically, he claims "the grand jury foreman for Hardin County was the same white male from 1972-1998" and that minorities have been systematically excluded from this position. In order to establish a prima facie equal protection claim relating to a grand jury foreperson, "defendants must offer proof that racial discrimination tainted the entire grand jury." *State v. Bondurant*, 4 S.W.3d 662, 675 (Tenn. 1999). In rejecting this claim, the post-conviction court found, "[t]he [Appellant] who is Caucasian testified that he felt the jury should have been comprised of at least half 'blacks.' There is absolutely no proof in the record to demonstrate that there was any systematic exclusion of any group in jury selection." The proof does not preponderate against this finding. Because the Appellant has failed to establish by clear and convincing evidence his allegation of deficient performance, this issue is without merit.

## CONCLUSION

Based upon the foregoing, we affirm the dismissal of the Appellant's petition for post-conviction relief by the Hardin County Circuit Count.

_____
DAVID G. HAYES, JUDGE